UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

C & F SYSTEMS, LLC, )
)
      Plaintiff, )   Case No. 1:09-cv-858
)
v. )   Honorable Paul L. Maloney
)
LIMPIMAX, S.A., a Peruvian corporation, )
)   **MEMORANDUM OPINION**
      Defendant. )
_____)

This is a civil action brought by a Michigan limited liability company against a Peruvian corporation. Plaintiff's claim arises from the alleged breach of a written sales agency agreement. The defendant corporation does not maintain any employees or facilities within the United States. The matter is before the court on plaintiff's *ex parte* motion brought under Fed. R. Civ. P. 4(f)(3) for an order authorizing alternative service upon the defendant by merely mailing a copy of the summons and complaint to defendant at its business address in Lima, Peru. The record does not indicate that plaintiff has made any effort to serve defendant by any other means. Chief Judge Paul Maloney has referred the motion to me. For the reasons set forth below, plaintiff's motion will be denied.

**Discussion**

Service of process upon corporations at a place not within any judicial district of the United States may be made in any manner prescribed by Rule 4(f) for serving an individual in a

foreign country, except personal delivery. *See* FED. R. CIV. P. 4(h)(2). Rule 4(f) contemplates six alternative means of service outside the United States:

    (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

    (2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

        (A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        (B)    as the foreign authority directs in response to a letter rogatory or letter of request; or

        (C)    unless prohibited by the foreign country's law, by:

            (i)    delivering a copy of the summons and of the complaint to the individual personally; or

            (ii)    using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3)    by other means not prohibited by international agreement, as the court orders.

FED. R. CIV. P. 4(f). As noted, with regard to corporations, the method set forth in subsection (C)(i) (delivery of a copy of the summons and complaint to an individual defendant) is not available. Consequently, with regard to corporate defendants, five alternative means of process are contemplated by Rule 4(f).

        The first method of service, and the one to be preferred in most cases, is service pursuant to an internationally agreed means, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. FED. R. CIV. P. 4(f)(1). The Republic of Peru is not signatory to the Hague Convention, but both Peru and the United States are signatories

to the Inter-American Convention on Letters Rogatory of January 30, 1975, and the Additional Protocol of May 8, 1979 (found immediately after 28 U.S.C. § 1781). These conventions establish a method agreed upon by both countries for service of civil process within their borders. Unlike the Hague Convention, the Inter-American Convention does not purport to provide the exclusive method of effecting service between the signatories. *Kreimerman v. Casa Veerkamp S.A. de C.V.*, 22 F.3d 634, 643-44 (5th Cir. 1994). Following the procedures authorized in the Convention, however, is nevertheless preferable for reasons of international comity, which is concerned with maintaining amicable working relationships between nations and mutual respect for the laws of foreign countries. *Tucker v. Interarms*, 186 F.R.D. 450, 452-53 (N.D. Ohio 1999). Since both Peru and the United States have seen fit to agree upon a method of service acceptable to both countries, principles of international comity would counsel in favor of at least attempting to comply with the requirements of the Convention, even if they are not the exclusive allowable means of service in a strict sense. As indicated, there is no evidence before the court that plaintiff has attempted service pursuant to the Inter-American Convention.

Rule 4(f)(2) applies if there is no internationally agreed means of service, or if an international agreement allows but does not specify other means. As the Inter-American Convention does indeed allow other means of service, resort to Rule 4(f)(2) is possible. That rule allows service by a method reasonably calculated to give notice, either as prescribed by Peruvian law in an action pending in its courts or as Peru directs in response to a letter rogatory. Plaintiff has not presented this court with any evidence concerning the appropriate procedures under Peruvian law for service of process in its courts of general jurisdiction. As for the use of letters rogatory, that method of service is expressly governed by the Inter-American Conference, whose provisions plaintiff has

apparently not pursued. The final method authorized by Rule 4(f)(2) is a form of mail sent by the Clerk and requiring a signed receipt. This method is only allowable if not prohibited by the foreign country's law. FED. R. CIV. P. 4(f)(2)(C). Again, plaintiff has not provided this court with any information concerning the acceptability of service by mail under Peruvian law.

Plaintiff wishes to skip the express provisions of subsections (1) and (2) of Rule 4(f), in favor of the catchall provision allowing the court to order service "by other means not prohibited by international agreement" under Fed. R. Civ. P. 4(f)(3). This provision "serves as a safety valve for unanticipated situations . . . ." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1133 at 313 (3d ed. 2002). "Rule 4(f)(3) is most likely to be employed when a foreign country's Central Authority fails to effect service within the six-month period provided by the Hague Convention or refuses to serve a complaint based on its own public policy or substantive law limitations." *Id.* at 313-14. Consequently, the better view is that Rule 4(f)(3) should be viewed as a "final effort to make service when other means have failed." *Marcantonio v. Primorsk Shipping Corp.*, 206 F. Supp. 2d 54, 58 (D. Mass. 2002). Some cases have authorized alternative service under Rule 4(f)(3) without first resorting to traditional means of service, *see, e.g., Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *Foreign Fin. Group, LLC v. President & Fellows of Harvard College*, 199 F.R.D. 22, 23-24 (D. Me. 2001), but these cases seem to ignore the requirements of international comity and accord insufficient weight to the methods of service officially sanctioned by the governments of both the United States and its sister nation. Therefore, even if other methods of obtaining service of process are technically allowed,

principles of comity encourage the court to insist, as a matter of discretion,[1] that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant. *See Tucker*, 186 F.R.D. at 452-53.

> [A] district court, in exercising the discretionary power permitted by Rule 4(f)(3), may require the plaintiff to show that they have "reasonably attempted to effectuate service on defendant and that the circumstances are such that the district court's intervention is necessary to obviate the need to undertake methods of service that are unduly burdensome or that are untried but likely futile."

*FMAC Loan Receivables v. Dagra*, 228 F.R.D. 531, 534 (E.D. Va. 2005) (quoting *Ryan v. Brunswick*, 2002 WL 1628933, at * 2 (W.D.N.Y. 2002)). Additionally, a court's insistence that a plaintiff follow procedures sanctioned by foreign law can have an ancillary benefit in plaintiff's favor: a failure to employ the safe harbor procedures of the Inter-American Convention may make enforcement in Peru of any judgment difficult or even impossible. *See Kreimerman*, 22 F.3d at 643-44; *Tucker*, 186 F.R.D. at 452-53.

## Conclusion

For the foregoing reasons, plaintiff's *ex parte* motion for alternative service under Rule 4(f)(3) will be denied. Plaintiff will be required to proceed under the Inter-American Convention, pursuant to Rule 4(f)(1), or by a method reasonably calculated to give notice and complying with Peruvian law, under Rule 4(f)(2). The burden is on plaintiff to demonstrate to the

---

[1] "The district court's denial of a motion for alternative service of process under Fed. R. Civ. P. 4(f)(3) is subject to an abuse of discretion standard because the plain language of the rule stipulates that a district court 'may' direct alternative means of service." *Prewitt Enter., Inc. v. Organization of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003).

court that any proposed method of service is consistent with Peruvian law.  If plaintiff is unable to effect service after diligent attempts, it may reapply for leave to proceed under Rule 4(f)(3).


Dated:   January 6, 2010                             /s/  Joseph G. Scoville
                                                     United States Magistrate Judge